Joseph Lavi, Esq. (SBN 209776)
jlavi@lelawfirm.com
Vincent C. Granberry, Esq. (SBN 276483)
vgranberry@lelawfirm.com
Danielle E. Montero, Esq. (SBN 333945)
dmontero@lelawfirm.com
Joshua Gillins, Esq. (SBN 338662)
jgillins@lelawfirm.com
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for Plaintiff RONALD STRAWSER,
on behalf of himself and others similarly situated

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD STRAWSER, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ALLEN DISTRIBUTION; ALLEN DISTRIBUTION, LP; ALLEN DISTRIBUTION, LLC; and DOES 1 to 100, inclusive, <br><br> Defendants. | Case No.: 2:22-CV-01733-WBS-KJN <br><br> **CLASS ACTION** <br><br> **PLAINTIFF RONALD STRAWSER'S FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION FOR:** <br><br> 1. **FAILURE TO PAY WAGES FOR ALL HOURS WORKED AT MINIMUM WAGE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197** <br><br> 2. **FAILURE TO PAY OVERTIME WAGES FOR DAILY OVERTIME WORKED IN VIOLATION OF LABOR CODE SECTIONS 510 AND 1194** <br><br> 3. **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7** <br><br> 4. **FAILURE TO AUTHORIZE OR PERMIT REST PERIODS IN VIOLATION OF LABOR CODE SECTION 226.7** <br><br> 5. **FAILURE TO INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LOSSES/EXPENDITURES IN VIOLATION OF LABOR CODE SECTION 2802**

6. **FAILURE TO TIMELY PAY EARNED WAGES DURING EMPLOYMENT IN VIOLATION OF LABOR CODE SECTION 204**

7. **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**

8. **FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

9. **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

     **COME NOW** Plaintiff RONALD STRAWSER ("Plaintiff"), who alleges and complains against Defendants ALLEN DISTRIBUTION; ALLEN DISTRIBUTION, LP; ALLEN DISTRIBUTION, LLC; and DOES 1 to 100, inclusive (collectively "Defendants") as follows:

**I.**     **INTRODUCTION**

    1.     This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay wages for all hours worked at minimum wage and all overtime hours worked at the overtime rate of pay; failure to authorize or permit all legally required and compliant meal periods or pay meal period premium wages; failure to authorize or permit all legally required and compliant rest periods or pay rest period premium wages; indemnification for all necessary expenditures or losses incurred by employees in direct consequence of discharging their duties; statutory penalties for failure to timely pay earned wages during employment; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; injunctive relief and other equitable relief; reasonable attorneys' fees pursuant to

Labor Code sections 218.5, 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others similarly situated.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiff's and putative class members' claims for failure to pay wages for all hours worked at minimum wage and overtime hours worked at the overtime rate of pay due; failure to authorize or permit all legally required and compliant meal periods or pay meal period premium wages; failure to authorize or permit all legally required and compliant rest periods or pay rest period premium wages; indemnification for all necessary expenditures or losses incurred by employees in direct consequence of discharging their duties; statutory penalties for failure to timely pay earned wages during employment; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; and claims for injunctive relief and restitution under California Business and Professions Code sections 17200, *et seq.*, for the following reasons: Defendants operate throughout California; Defendants employed Plaintiff and putative class members in locations throughout California, including but not limited to San Joaquin County, at 4580 Logistics Drive, Stockton, CA 95215; more than two-thirds of putative class members are California citizens; the principal violations of California law occurred in California; the conduct of Defendants forms a significant basis for Plaintiff's and putative class members' claims; and Plaintiff and putative class members seek significant relief from Defendants.

## III.    PARTIES

3.    Plaintiff brings this action on behalf of himself and other members of the general public similarly situated. The named Plaintiff and the class of persons on whose behalf this action is filed are current, former, and/or future employees of Defendants as direct employees as well as temporary employees employed through temp agencies who work as hourly non-exempt employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of California and was employed by Defendants in the State of California within the four (4) years prior to the filing of this Complaint.

4.    Defendants employed Plaintiff as an hourly non-exempt employee from in or around July 2021, until on or about November 15, 2021.

5.    Plaintiff is informed and believes and thereon alleges that Defendant employed him and other hourly non-exempt employees throughout the State of California and therefore their conduct forms a significant basis of the claims asserted in this matter.

6.    Plaintiff is informed and believes and thereon alleges that Defendant ALLEN DISTRIBUTION is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1-25 are, and at all times relevant hereto were persons acting on behalf of Defendant ALLEN DISTRIBUTION in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant ALLEN DISTRIBUTION operates in San Joaquin County and employed Plaintiff and putative class members in San Joaquin County, including but not limited to, at 4580 Logistics Drive, Stockton, CA 95215.

7.    Plaintiff is informed and believes and thereon alleges that Defendant ALLEN DISTRIBUTION, LP is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 26-50 are, and at all times relevant hereto were persons acting on behalf of Defendant ALLEN DISTRIBUTION, LP in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant ALLEN DISTRIBUTION, LP operates in San Joaquin County and employed Plaintiff and putative class members in San Joaquin County, including but not limited to, at 4580 Logistics Drive, Stockton, CA 95215.

8.    Plaintiff is informed and believes and thereon alleges that Defendant ALLEN DISTRIBUTION, LLC is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 51-75 are, and at all times relevant hereto were persons acting on behalf of Defendant ALLEN DISTRIBUTION, LLC in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant ALLEN DISTRIBUTION, LLC operates in San Joaquin County and employed Plaintiff and putative class members in San Joaquin County, including but not limited to, at 4580

1    Logistics Drive, Stockton, CA 95215.

2         9.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 76-

3    100 are individuals unknown to Plaintiff. Each of the individual Defendants is sued individually in

4    his or her capacity as an agent, shareholder, owner, representative, supervisor, independent

5    contractor and/or employee of each Defendant and participated in the establishment of, or

6    ratification of, the aforementioned illegal wage and hour practices or policies.

7         10.    Plaintiff is unaware of the true names of Defendants DOES 1-100. Plaintiff sues

8    said defendants by said fictitious names and will amend this Complaint when the true names and

9    capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted

10   by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named

11   Defendants is in some manner responsible for the events and allegations set forth in this

12   Complaint.

13        11.    Plaintiff is informed and believes and thereon alleges that at all relevant times, each

14   Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director,

15   controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

16   predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

17   the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

18   of the other defendants so as to be liable for their conduct with respect to the matters alleged in

19   this Complaint. Plaintiff is further informed and believe and thereon allege that each Defendant

20   acted pursuant to and within the scope of the relationships alleged above, and that at all relevant

21   times, each Defendant knew or should have known about, authorized, ratified, adopted, approved,

22   controlled, aided and abetted the conduct of all other defendants. As used in this Complaint,

23   "Defendant" means "Defendants and each of them," and refers to the Defendants named in the

24   particular cause of action in which the word appears and includes Defendants ALLEN

25   DISTRIBUTION; ALLEN DISTRIBUTION, LP; ALLEN DISTRIBUTION, LLC; and DOES 1

26   to 100, inclusive.

27        12.    At all times mentioned herein, each Defendant was the co-conspirator, agent,

28   servant, employee, and/or joint venturer of each of the other defendants and was acting within the

**FIRST AMENDED COMPLAINT**
5

course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

13.     Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## IV.     DESCRIPTION OF ILLEGAL PAY PRACTICES

14.     Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order ("Wage Order"), codified at California Code of Regulations, title 8, section 11090, Defendants are employers of Plaintiff within the meaning of Wage Order 9 and applicable Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the Labor Code.

15.     **Failure to pay wages for all hours worked at the legal minimum wage**: Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

16.     Labor Code sections 1194 and 1197 require an employer to compensate employees for all "hours worked" at least at the minimum wage rate of pay as established by the IWC and the Wage Orders.

17.     Plaintiff and similarly situated hourly non-exempt employees worked more minutes per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to, the following:

(a)     Requiring Plaintiff and similarly situated employees to complete off-the-clock COVID-19 medical questionnaires and temperature checks prior to clocking in for the start of their shifts. For example, during the pay periods from August 7, 2021 to August 20, 2021, and from October 16, 2021 to October 29, 2021, Plaintiff's wage statements reflect Plaintiff was not

paid for completing off-the-clock COVID-19 medical questionnaires and temperature checks;

(b)    Automatically deducting 30-minutes' worth of wages from Plaintiff's and similarly situated employees' daily hours worked and attributing the deductions to meal breaks – despite Defendants routinely failing to provide duty-free meal breaks. For example, during the pay periods from August 7, 2021 to August 20, 2021, and from October 16, 2021 to October 29, 2021, Plaintiff's wage statements reflect Plaintiff was not paid for time worked when Plaintiff did not receive compliant meal breaks; and

(c)    "Rounding" down or "shaving" Plaintiff's and similarly situated employees' total daily hours worked to the nearest quarter of an hour for their clock-in and clock-out times, as well as for their meal breaks, to the benefit of Defendants. For example, during the pay periods from August 7, 2021 to August 20, 2021, and from October 16, 2021 to October 29, 2021, Plaintiff's wage statements show Plaintiff's time was rounded or shaved to the nearest quarter hour. Plaintiff and similarly situated employees were not paid for these times resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked.

18.    Therefore, Defendants suffered, permitted, and required their hourly non-exempt employees to be subject to Defendants' control without paying wages for that time. This resulted in Plaintiff and similarly situated employees working time for which they were not compensated any wages, in violation of Labor Code sections 1194, 1197, and Wage Order 9.

19.    **Failure to pay wages for overtime hours worked at the overtime rate of pay**: Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered or permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

20.    Labor Code sections 510 and 1194 and Wage Order 9 require an employer to compensate employees at a higher rate of pay for hours worked in excess of eight (8) hours in a workday, more than forty (40) hours in a workweek, and on any seventh consecutive day of work

1 | in a workweek:

2 | 
Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

3 | 

4 | 

5 | 

6 | 

7 | Labor Code section 510; Wage Order 9, §3.

8 |     21.    Defendants failed to pay Plaintiff and similarly situated employees all wages at the

9 | applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or

10 | procedures including, but not limited to, the following:

11 |     (a)    Requiring Plaintiff and similarly situated employees to complete off-the-

12 | clock COVID-19 medical questionnaires and temperature checks prior to clocking in for the start

13 | of their shifts. For example, during the pay periods from August 7, 2021 to August 20, 2021, and

14 | from October 16, 2021 to October 29, 2021, Plaintiff's wage statements reflect Plaintiff worked

15 | more than ten (10) hours each day and more than forty (40) hours each week, and that Plaintiff

16 | was not paid for completing off-the-clock COVID-19 medical questionnaires and temperature

17 | checks;

18 |     (b)    Automatically deducting 30-minutes' worth of wages from Plaintiff's and

19 | similarly situated employees' daily hours worked and attributing the deductions to meal breaks –

20 | despite Defendants routinely failing to provide duty-free meal breaks. For example, during the pay

21 | periods from August 7, 2021 to August 20, 2021, and from October 16, 2021 to October 29, 2021,

22 | Plaintiff's wage statements reflect Plaintiff worked more than ten (10) hours each day and more

23 | than forty (40) hours each week, and that Plaintiff was not paid for time worked when Plaintiff did

24 | not receive compliant meal breaks; and

25 |     (c)    "Rounding" down or "shaving" Plaintiff's and similarly situated

26 | employees' total daily hours worked to the nearest quarter of an hour for their clock-in and clock-

27 | out tomes, as well as for their meal breaks, to the benefit of Defendants. For example, during the

28 | pay periods from August 7, 2021 to August 20, 2021, and from October 16, 2021 to October 29,

2021, Plaintiff's wage statements reflect Plaintiff worked more than ten (10) hours each day and more than forty (40) hours each week, and that Plaintiff's time was rounded or shaved to the nearest quarter hour. Plaintiff and similarly situated employees were not paid for this time at the proper overtime rate.

22.     To the extent the employees had already worked 8 hours in the day and on workweeks they had already worked 40 hours in a workweek, the employees should have been paid overtime for this unpaid time. This resulted in hourly non-exempt employees working time which should have been paid at the legal overtime rate but was not paid any wages in violation of Labor Code sections 510, 1194, and Wage Order 9.

23.     Defendants' foregoing policy, practice, and/or procedure resulted in Defendants failing to pay Plaintiffs and similarly situated employees at their overtime rate of pay for all overtime hours worked, in violation of Labor Code sections 510, 1194, 1198, and the Wage Order.

24.     **Failure to authorize or permit all legally required and compliant meal periods and/or failure to pay meal period premium wages:** Defendants often employed hourly non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts longer than five (5) hours in length and shifts longer than ten (10) hours in length.

25.     California law requires an employer to authorize or permit an uninterrupted meal period of no less than thirty (30) minutes no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code §512; Wage Order 9, §11. If the employee is not relieved of all duties during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when (1) the nature of the work prevents an employee from being relieved of all duty and (2) the parties have a written agreement agreeing to on-duty meal periods. If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee is subject to the employer's control and the meal period is counted as time worked. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally

required and compliant meal period was not provided. Labor Code §226.7; Wage Order 9, §11.

26.     Here, Plaintiff and similarly situated employees worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and similarly situated employees of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to, the following:

(a)     Automatically deducting 30-minutes' worth of wages from Plaintiff's and similarly situated employees' daily hours worked and attributing the deductions to meal breaks – despite Defendants routinely failing to provide duty-free meal breaks;

(b)     Failing to authorize or permit Plaintiff and similarly situated employees with duty-free 30-minute meal breaks for shifts exceeding five (5) hours;

(c)     Failing to authorize or permit Plaintiff and similarly situated employees with second duty-free 30-minute meal break for shifts exceeding ten (10) hours; and

(d)     Requiring Plaintiff and similarly situated employees to keep their cellphones and/or walkie-talkies turned on and remain on-duty during meal breaks in order to respond to any and all calls from Defendants' management team.

27.     Additionally, Defendants failed to pay Plaintiff and similarly situated employees  a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant meal periods. Defendants employed policies and procedures which ensured that employees did not receive any meal period premium wages to compensate them for workdays in which they did not receive all legally required and compliant meal periods.

28.     Plaintiff's wage statement for the pay period from August 7, 2021 to August 20, 2021, shows a single meal penalty, despite Defendant's regular failure to authorize or permit Plaintiff with a duty-free 30-minute meal breaks for shifts exceeding five (5) hours, and despite the fact that Defendant never authorized or permitted Plaintiff a second duty-free 30-minute meal break for shifts exceeding ten (10) hours. Similarly, Plaintiff's wage statement for the pay period

from October 16, 2021 to October 29, 2021, shows only two (2) meal penalties, despite Defendant's regular failure to authorize or permit Plaintiff with a duty-free 30-minute meal breaks for shifts exceeding five (5) hours, and despite the fact that Defendant never authorized or permitted Plaintiff a second duty-free 30-minute meal break for shifts exceeding ten (10) hours.

29.     The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant meal periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

30.     **Failure to authorize and permit all legally required and compliant rest periods and/or failure to pay rest period premiums:** Defendants often employed non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts of least three-and-a-half (3.5) hours.

31.     California law requires every employer to authorize and permit an employee a rest period of ten (10) net minutes for every four (4) hours worked or major fraction thereof. Labor Code §226.7; Wage Order 9, §12. If the employer fails to authorize or permit a required rest period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday the employer did not authorize or permit a legally required rest period. *Id.* Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code §226.7; Wage Order 9, §12. Rest periods, insofar as practicable, shall be in the middle of each work period. Wage Order 9, §12. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

32.     In this case, Plaintiff and similarly situated employees regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices,

and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and similarly situated employees. Such policies, practices, and/or procedures included, but were not limited to, requiring Plaintiff and similarly situated employees to keep their cellphone and/or walkie-talkies turned on and remain on-duty during rest breaks in order to respond to any and all calls from Defendants' management team. For example, during the pay periods from August 7, 2021 to August 20, 2021, and from October 16, 2021 to October 29, 2021, Plaintiff's wage statements reflect Defendants' failure to pay Plaintiff a rest period premium wage for each workday Plaintiff did not receive all legally required and compliant rest periods.

33.     Additionally, Defendants failed to pay Plaintiff and similarly situated employees a rest period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant rest periods. Defendants employed policies and procedures which ensured that employees did not receive any rest period premium wages to compensate them for workdays in which they did not receive all legally required and compliant rest periods. For example, during the pay periods from August 7, 2021 to August 20, 2021, and from October 16, 2021 to October 29, 2021, Plaintiff's wage statements reflect Defendants' failure to pay Plaintiff a rest period premium wage for each workday Plaintiff did not receive all legally required and compliant rest periods

34.     The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant rest periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

35.     **Failure to indemnify employees for losses and expenditures incurred as part of their employment:** Labor Code section 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer…" An employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. (Labor Code section 2802).

36.     Defendants employed policies, practices, and/or procedures of impermissibly passing business-related expenses to Plaintiffs and similarly situated employees. These policies, practices, and/or procedures included, but were not limited to, requiring Plaintiff and similarly situated employees to use their personal cellphones, including, but not limited to, the requirement to download applications to their cellphones, the use of telephone calls and/or cellular data, for work-related purposes – without reimbursing Plaintiffs and similarly situated employees for such use. For example, Defendants required Plaintiff to download the "Utilipro" application and the "Smartsheet" application onto his personal cellphone. Beginning in or around September 2021, Defendants required Plaintiff to use cellular data, for work-related purposes to clock in and out with the Utilipro app, and throughout his employment from approximately July 2021 through on or around November 15, 2021, Plaintiff was required to use cellular data and the Smartsheet application to track work locations throughout the workday.

37.

38.     The costs incurred by Plaintiff and similarly situated employees to use their own tools and/or resources for their mandatory compliance with Defendants' aforementioned policies, practices, and/or procedures were significant as a result of their employment with Defendants.

39.     Defendants employed policies and procedures which ensured Plaintiff and similarly situated employees would not receive indemnification for the aforementioned necessary expenditures incurred as a result of their employment with Defendants. For example, Plaintiff paid his monthly cellphone bill dated October 22, 2021, which included costs incurred for work-related purposes during his employment from the pay period beginning October 16, 2021 and ending October 20, 2021. Defendants issued Plaintiff a wage statement dated November 14, 2021, for the pay period beginning October 16, 2021, and ending October 20, 2021, which did not include reimbursement for Plaintiff's use of his personal cell phone for work-related purposes.

40.     Defendants' aforementioned policies, practices, and/or procedures resulted in Plaintiffs and similarly situated California-based employees not receiving indemnification for employment-related expenditures, in violation of Labor Code section 2802.

41.     **Failure to timely pay earned wages during employment**: In California, wages

must be paid at least twice during each calendar month on days designated in advance by the employer as regular paydays, subject to some exceptions. Labor Code §204(a). Wages earned between the 1st and 15th days, inclusive, of any calendar month must be paid between the 16th and the 26th day of that month and wages earned between the 16th and the last day, inclusive, of any calendar month must be paid between the 1st and 10th day of the following month. *Id*. Other payroll periods such as those that are weekly, biweekly, or semimonthly, must be paid within seven (7) calendar days following the close of the payroll period in which wages were earned. Labor Code §204(d).

42.    As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to timely pay Plaintiff's and similarly situated employees' earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 204.

43.    Defendants' aforementioned policies, practices, and/or procedures resulted in their failure to pay Plaintiff and similarly situated employees their earned wages within the applicable time frames outlined in Labor Code section 204.

44.    **Failure to provide accurate wage statements**: Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

45.     As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and other similarly situated employees who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 226.

46.     **Failure to timely pay final wages**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. Labor Code §§201, 202.

47.     As a result of the aforementioned violations of the Labor Code, Plaintiff alleges that he, and on information and belief, other similarly situated employees, were not paid their final wages in a timely manner as required by Labor Code section 203. Minimum wages for all hours worked, overtime wages for overtime hours worked, meal period premium wages, and/or rest period premium wages (all described above), were not paid at the time of Plaintiff's and other similarly situated employees' separation of employment, whether voluntarily or involuntarily, as required by Labor Code sections 201, 202, and 203.

## V.     CLASS DEFINITIONS AND CLASS ALLEGATIONS

48.     Plaintiff brings this action on behalf of himself, on behalf of others similarly situated, and on behalf of the general public, and as members of a Class defined as follows:

A.     **Minimum Wage Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from May 5, 2021, through the date notice is mailed to a certified class who were not paid at least minimum wage for all time they were subject to Defendants' control.

B.     **Overtime Class:** All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from May 5, 2021 through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a workweek, to whom Defendants did not pay overtime

wages.

C. **Meal Period Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from May 5, 2021 through the date notice is mailed to a certified class who worked shifts more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal periods of not less than thirty (30) minutes.

D. **Rest Period Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from May 5, 2021 through the date notice is mailed to a certified class who worked shifts of at least three-and-a-half (3.5) hours who did not receive all required duty-free rest periods of a net ten (10) minutes for every four (4) hours worked or major fraction thereof.

E. **Indemnification Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from May 5, 2021 through the date notice is mailed to a certified class who did not receive indemnification to reimburse them for the necessary expenditures incurred in the discharge of their duties.

F. **Pay Day Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from May 5, 2021, through the date notice is mailed to a certified class who were not timely paid earned wages during their employment.

G. **Wage Statement Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from one (1) year prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

H. **Waiting Time Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through

temp agencies in California at any time from May 5, 2021, through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period.

I.    **California Class**: All aforementioned classes are herein collectively referred to as the "California Class."

49.    There is a well-defined community of interest in the litigation and the classes are ascertainable:

A.    **Numerosity**: While the exact number of class members in each class is unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B.    **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i.    Whether Defendants violated Labor Code sections 1194 and 1197 by not paying wages at the minimum wage rate for all time that the Minimum Wage Class Members were subject to Defendants' control;

ii.    Whether Defendants violated Labor Code sections 510 and 1194 by not paying the Overtime Class Members at the applicable overtime rate for working in excess of eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in a workweek;

iii.    Whether Defendants violated Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing the Meal Period Class Members without providing all compliant and/or required meal periods and/or paying meal period premium wages;

iv.    Whether Defendants violated Labor Code section 226.7 by employing the Rest Period Class Members without providing all compliant and/or required rest periods and/or paying rest period premium wages;

v.    Whether Defendants violated Labor Code section 2802 by failing to

provide Indemnification Class Members with reimbursement of costs to compensate them for the necessary expenditures incurred in the discharge of their duties;

vi.     Whether Defendants violated Labor Code section 204 by employing Pay Day Class Members without timely paying them all earned wages during their employment;

vii.    Whether Defendants failed to provide the Wage Statement Class Members with accurate itemized statements at the time they received their itemized statements;

viii.   Whether Defendants failed to provide the Waiting Time Class Members with all of their earned wages upon separation of employment within the statutory time period;

ix.     Whether Defendants committed unlawful business acts or practice within the meaning of Business and Professions Code sections 17200, *et seq.*;

x.      Whether Class Members are entitled to unpaid wages, penalties, and other relief pursuant to their claims;

xi.     Whether, as a consequence of Defendants' unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief; and

xii.    Whether Defendants' affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff and as to Class Members as a whole.

C.      **Typicality**: Plaintiff's claims are typical of the claims of the class members in each of the classes. Plaintiff and members of the Minimum Wage Class sustained damages arising out of Defendants' failure to pay wages at least at minimum wage for all time the employees were subject to Defendants' control. Plaintiff and members of the Overtime Wage Class sustained damages arising out of Defendants' failure to pay overtime wages for overtime hours worked. Plaintiff and members of the Meal Period Class sustained damages arising out of Defendants' failure to provide non-exempt employees with all required meal periods and/or meal periods that were duty-free and not less than thirty (30) minutes and/or failure to pay meal period premium wages as compensation. Plaintiff and members of the Rest Period Class sustained damages arising out of Defendants' failure to provide non-exempt employees with all required rest periods and/or rest periods that were duty-free and of a net ten (10) minutes and/or failure to pay

rest period premium wages as compensation. Plaintiff and members of the Indemnification Class sustained damages from Defendants' failure to provide reimbursement of costs to compensate them for the necessary expenditures incurred in the discharge of their duties. Plaintiff and members of the Pay Day Class sustained damages arising out of Defendants' failure to timely pay them all wages earned during their employment in compliance with Labor Code section 204. Plaintiff and members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage statements in compliance with Labor Code section 226. Plaintiff and members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid yet earned wages due upon separation of employment within the statutory time limit.

D.    **Adequacy of Representation**: Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members.

E.    **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F.    **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees fear bringing actions because they perceive their former employers can blacklist them in their future endeavors with negative references or by other means.

1  Class actions provide the class members who are not named in the Complaint with a type of
2  anonymity that allows for vindication of their rights.

3  **FIRST CAUSE OF ACTION**

4  **FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM**
5  **WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**
6  **(Against All Defendants by Plaintiff and the Minimum Wage Class)**

7    50.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

8    51.    At all times relevant to this Complaint, Plaintiff and the Minimum Wage Class
9  were hourly non-exempt employees of Defendants.

10    52.    Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff and the
11  Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time they were
12  subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in
13  effect during the time the employees earned the wages.

14    53.    Defendants' policies, practices, and/or procedures required Plaintiff and the
15  Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for
16  all of the time in which they were subject to Defendants' control.

17    54.    Defendants employed policies, practices, and/or procedures including, but not
18  limited to, the following:

19        (a)    Requiring Plaintiff and the Minimum Wage Class to complete off-the-clock
20  COVID-19 medical questionnaires and temperature checks prior to clocking in for the start of their
21  shifts. For example, during the pay periods from August 7, 2021 to August 20, 2021, and from
22  October 16, 2021 to October 29, 2021, Plaintiff's wage statements reflect Plaintiff was not paid
23  for completing off-the-clock COVID-19 medical questionnaires and temperature checks;

24        (b)    Automatically deducting 30-minutes' worth of wages from Plaintiff's and
25  the Minimum Wage Class's daily hours worked and attributing the deductions to meal breaks –
26  despite Defendants routinely failing to provide duty-free meal breaks. For example, during the pay
27  periods from August 7, 2021 to August 20, 2021, and from October 16, 2021 to October 29, 2021,
28  Plaintiff's wage statements reflect Plaintiff was not paid for time worked when Plaintiff did not

receive compliant meal breaks; and

(c)    "Rounding" down or "shaving" Plaintiff's and the Minimum Wage Class's total daily hours worked to the nearest quarter of an hour for their clock-in and clock- out tomes, as well as for their meal breaks, to the benefit of Defendants. For example, during the pay periods from August 7, 2021 to August 20, 2021, and from October 16, 2021 to October 29, 2021, Plaintiff's wage statements show Plaintiff's time was rounded or shaved to the nearest quarter hour. Plaintiff and the Minimum Wage Class were not paid for these times resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked. Plaintiff and the Minimum Wage Class were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and the Minimum Wage Class worked.

55.    As a result of Defendants' unlawful conduct, Plaintiff and the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

56.    Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the Minimum Wage Class are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE**

**SECTIONS 510 and 1194**

**(Against All Defendants by Plaintiff and the Overtime Class)**

57.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

58.    At times relevant to this Complaint, Plaintiff and the Overtime Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 510 and 1194 and the Wage Order 9.

59.    Pursuant to Labor Code sections 510 and 1194 and the Wage Order 9, hourly non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of eight (8) hours in a workday, forty (40) hours in a workweek, and on the seventh day of work in a

workweek.

60.    Labor Code section 510, subdivision (a), states in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

61.    Further, Labor Code section 1198 provides,

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

62.    Despite California law requiring employers to pay employees a higher rate of pay for all hours worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and on the seventh day of work in a workweek, Defendants failed to pay all overtime wages to Plaintiff and the Overtime Class for their daily overtime hours worked.

63.    Specifically, Defendants' employed policies, practices, and/or procedures including, but not limited to, the following:

(a)    Requiring Plaintiff and the Overtime Class to complete off-the-clock COVID-19 medical questionnaires and temperature checks prior to clocking in for the start of their shifts. For example, during the pay periods from August 7, 2021 to August 20, 2021, and from October 16, 2021 to October 29, 2021, Plaintiff's wage statements reflect Plaintiff worked more than ten (10) hours each day and more than forty (40) hours each week, and that Plaintiff was not paid for completing off-the-clock COVID-19 medical questionnaires and temperature checks;

(b)    Automatically deducting 30-minutes' worth of wages from Plaintiff's the Overtime Class's daily hours worked and attributing the deductions to meal breaks – despite Defendants routinely failing to provide duty-free meal breaks. For example, during the pay periods

from August 7, 2021 to August 20, 2021, and from October 16, 2021 to October 29, 2021, Plaintiff's wage statements reflect Plaintiff worked more than ten (10) hours each day and more than forty (40) hours each week, and that Plaintiff was not paid for time worked when Plaintiff did not receive compliant meal breaks; and

(c)    "Rounding" down or "shaving" Plaintiff's and the Overtime Class's total daily hours worked to the nearest quarter of an hour for their clock-in and clock- out tomes, as well as for their meal breaks, to the benefit of Defendants. For example, during the pay periods from August 7, 2021 to August 20, 2021, and from October 16, 2021 to October 29, 2021, Plaintiff's wage statements reflect Plaintiff worked more than ten (10) hours each day and more than forty (40) hours each week, and that Plaintiff's time was rounded or shaved to the nearest quarter hour. Plaintiff and the Overtime Class were not paid for this time at the proper overtime rate.

64.    To the extent that the foregoing unpaid time resulted from Plaintiff and the Overtime Class being subject to the control of Defendants when they worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven days in a workweek, Defendants failed to pay them at their overtime rate of pay for all the overtime hours they worked.

65.    As a result of Defendants' unlawful conduct, Plaintiff and the Overtime Class have suffered damages in an amount subject to proof, to the extent that they were not paid at their proper overtime rate of pay for all hours worked which constitute overtime.

66.    Pursuant to Labor Code section 1194, Plaintiff and the Overtime Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, and attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**

**(Against All Defendants by Plaintiff and the Meal Period Class)**

67.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

68.    At all times relevant to this Complaint, Plaintiff and the Meal Period Class were

1  hourly non-exempt employees of Defendants, covered by Labor Code sections 512 and 226.7 and

2  the Wage Order.

3  69.    California law requires an employer to authorize or permit an employee an

4  uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of

5  all duties and the employer relinquishes control over the employee's activities no later than the

6  end of the employee's fifth hour of work and a second meal period no later than the employee's

7  tenth hour of work. Labor Code sections 226.7, 512; Wage Order 9, §11; *Brinker Rest. Corp. v.*

8  *Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If the employer requires the employee to remain at

9  the work site or facility during the meal period, the meal period must be paid. This is true even

10  where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v.*

11  *Bradshaw* (1995) 32 Cal.App.4th 968. Labor Code section 226.7 provides that if an employee

12  does not receive a required meal or rest period that "the employer shall pay the employee one

13  additional hour of pay at the employee's regular rate of compensation for each work day that the

14  meal or rest period is not provided."

15  70.    In this case, Plaintiff and the Meal Period Class worked shifts long enough to

16  entitle them to meal periods under California law. Nevertheless, Defendants employed policies,

17  practices, and/or procedures that resulted in their failure to authorize or permit meal periods to

18  Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of

19  work as required by law. Such policies, practices, and/or procedures included, but were not limited

20  to, the following:

21  (a)    Automatically deducting 30-minutes' worth of wages from Plaintiff's and

22  the Meal Period Class's daily hours worked and attributing the deductions to meal breaks – despite

23  Defendants routinely failing to provide duty-free meal breaks;

24  (b)    Failing to authorize or permit Plaintiff and the Meal Period Class with duty-

25  free 30-minute meal breaks for shifts exceeding five (5) hours;

26  (c)    Failing to authorize or permit Plaintiff and the Meal Period Class with

27  second duty-free 30-minute meal break for shifts exceeding ten (10) hours; and

28  (d)    Requiring Plaintiff and the Meal Period Class to keep their cellphones

1  and/or walkie-talkies turned on and remain on-duty during meal breaks in order to respond to any

2  and all calls from Defendants' management team.

3        71.    Additionally, Defendants failed to pay Plaintiff and the Meal Period Class one (1)

4  hour of pay at their regular rate of pay for each workday they did not receive all legally required

5  and legally compliant meal periods. Defendants lacked a policy and procedure for compensating

6  Plaintiff and the Meal Period Class with premium wages when they did not receive all legally

7  required and legally compliant meal periods.

8        72.    Plaintiff's wage statement for the pay period from August 7, 2021 to August 20,

9  2021, shows a single meal penalty, despite Defendant's failure to authorize or permit Plaintiff all

10  legally required and complaint duty-free 30-minute meal breaks for shifts exceeding five (5)

11  hours, and despite the fact that Defendant never authorized or permitted Plaintiff a second duty-

12  free 30-minute meal break for shifts exceeding ten (10) hours. Similarly, Plaintiff's wage

13  statement for the pay period from October 16, 2021 to October 29, 2021, shows only two (2) meal

14  penalties, despite Defendant's failure to authorize or permit Plaintiff all legally required and

15  compliant duty-free 30-minute meal breaks for shifts exceeding five (5) hours, and despite the fact

16  that Defendant never authorized or permitted Plaintiff a second duty-free 30-minute meal break

17  for shifts exceeding ten (10) hours.

18        73.    Defendants' unlawful conduct alleged herein occurred in the course of employment

19  of Plaintiff and the Meal Period Class and such conduct has continued through the filing of this

20  Complaint.

21        74.    Because Defendants failed to provide employees with meal periods in compliance

22  with the law, Defendants are liable to Plaintiff and the Meal Period Class for one (1) hour of

23  additional pay at the regular rate of compensation for each workday that Defendants did not

24  provide all legally required and legally compliant meal periods, pursuant to Labor Code section

25  226.7 and the Wage Order.

26        75.    Plaintiff, on behalf of himself, and the Meal Period Class seeks damages and all

27  other relief allowable, including a meal period premium wage for each workday Defendants failed

28  to provide all legally required and legally compliant meal periods, plus pre-judgment interest.

**FOURTH CAUSE OF ACTION**

**FAILURE TO AUTHORIZE OR PERMIT REQUIRED REST PERIODS IN VIOLATION**

**OF LABOR CODE SECTION 226.7**

**(Against All Defendants by Plaintiff and the Rest Period Class)**

76. Plaintiff incorporates all paragraphs above as though fully set forth herein.

77. At all times relevant to this Complaint, Plaintiff and the Rest Period Class were employees of Defendants, covered by Labor Code section 226.7 and Wage Order 9.

78. California law requires that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof…." Wage Order 9, §12. Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code §226.7. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc*., (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id*. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided." Wage Order 9, §12; Labor Code §226.7.

79. In this case, Plaintiff and the Rest Period Class regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and the Rest Period Class. Such policies, practices, and/or procedures included, but were not limited to, Defendants' policy, practice, and/or procedure of requiring Plaintiff and the Rest Period Class to keep their cellphones and/or walkie-talkies turned on and

remain on-duty during rest breaks in order to respond to any and all calls from Defendants' management team. For example, during the pay periods from August 7, 2021 to August 20, 2021, and from October 16, 2021 to October 29, 2021, Plaintiff's wage statements reflect Defendants' failure to pay Plaintiff a rest period premium wage for each workday Plaintiff did not receive all legally required and compliant rest periods.

80.    Additionally, Defendants failed to pay Plaintiff and the Rest Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant rest periods. Defendants lacked a policy and procedure for compensating Plaintiff and the Rest Period Class with premium wages when they did not receive all legally required and legally compliant rest periods. For example, during the pay periods from August 7, 2021 to August 20, 2021, and from October 16, 2021 to October 29, 2021, Plaintiff's wage statements reflect Defendants' failure to pay Plaintiff a rest period premium wage for each workday Plaintiff did not receive all legally required and compliant rest periods

81.    Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and the Rest Period Class and such conduct has continued through the filing of this Complaint.

82.    Because Defendants failed to provide employees with rest periods in compliance with the law, Defendants are liable to Plaintiff and the Rest Period Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant rest periods, pursuant to Labor Code section 226.7 and the Wage Order.

83.    Plaintiff, on behalf of himself, and the Rest Period Class seeks damages and all other relief allowable, including a rest period premium wage for each workday Defendants failed to provide all legally required and legally compliant rest periods, plus pre-judgment interest.

**FIFTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED LOSSES**

**AND EXPENDITURES IN VIOLATION OF LABOR CODE SECTION 2802**

**(Against All Defendants by Plaintiffs and the Indemnification Class)**

84.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

85.     Plaintiff and members of the Indemnification Class have been employed by Defendants in the State of California. Labor Code section 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer…" An employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. (Labor Code section 2802).

86.     Defendants violated Labor Code section 2802 by employing policies, practices, and/or procedures of impermissibly passing business-related expenses to Plaintiff and Indemnification Class Members. These policies, practices, and/or procedures included, but were not limited to, from May 5, 2021, to at least November 15, 2021, requiring Plaintiff and Indemnification Class Members to use their personal cellphones, including, but not limited to, the requirement to download applications to their cellphones, the use of telephone calls and/or cellular data, for work-related purposes – without reimbursing Plaintiff and Indemnification Class Members for such use. For example, Defendants required Plaintiff to download the "Utilipro" application and the "Smartsheet" application onto his personal cellphone. Beginning in or around September 2021, Defendants required Plaintiff to use cellular data, for work-related purposes to clock in and out with the Utilipro app, and throughout his employment from approximately July 2021 through on or around November 15, 2021, Plaintiff was required to use cellular data and the Smartsheet application to track work locations throughout the workday.

87.     The costs incurred by Plaintiff and Indemnification Class Members to use or purchase their own tools and/or resources for their mandatory compliance with Defendants' aforementioned policies, practices, and/or procedures were significant as a result of their employment with Defendants.

88.     Moreover, Defendants employed policies and procedures which ensured that Plaintiff and Indemnification Class Members would not receive indemnification for all necessary expenditures or losses incurred by them in direct consequence of discharging their duties. Defendants' aforementioned policies, practices, and/or procedures resulted in Plaintiff and

Indemnification Class Members not receiving indemnification for employment-related expenditures in compliance with California law. For example, Plaintiff paid his monthly cellphone bill dated October 22, 2021, which included costs incurred for work-related purposes during his employment from the pay period beginning October 16, 2021 and ending October 20, 2021. Defendants issued Plaintiff a wage statement dated November 14, 2021, for the pay period beginning October 16, 2021, and ending October 20, 2021, which did not include reimbursement for Plaintiff's use of his personal cell phone for work-related purposes.

89.     Because Defendants failed to indemnify employees for the necessary expenditures incurred in the discharge of their duties, they are liable to Plaintiff and Indemnification Class Members for monies to compensate them for such expenditures or losses pursuant to Labor Code section 2802.

90.     As a direct and proximate result of Defendants' violation of Labor Code section 2802, Plaintiff and Indemnification Class Members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of himself and on behalf of the Indemnification Class, seeks damages and all other relief allowable including indemnification for all employment-related expenses as well as ordinary business expenses incurred by Defendants and passed on to Plaintiff and Indemnification Class Members, pursuant to Labor Code section 2802.

91.     Pursuant to Labor Code Section 2802, Plaintiff and Indemnification Class Members are entitled to recover full indemnification, reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY EARNED WAGES DURING EMPLOYMENT IN VIOLATION OF LABOR CODE SECTION 204

#### (Against All Defendants by Plaintiff and the Pay Day Class)

92.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

93.     Plaintiff and the Pay Day Class have been employed by Defendants in the State of California. In California, wages must be paid at least twice during each calendar month on days designated in advance by the employer as regular paydays, subject to some exceptions. Labor

Code §204(a). Wages earned between the 1st and 15th days, inclusive, of any calendar month must be paid between the 16th and the 26th day of that month and wages earned between the 16th and the last day, inclusive, of any calendar month must be paid between the 1st and 10th day of the following month. *Id*. Other payroll periods such as those that are weekly, biweekly, or semimonthly, must be paid within seven (7) calendar days following the close of the payroll period in which wages were earned. Labor Code §204(d).

94.     As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to timely pay Plaintiff's and the Pay Day Class' earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 204.

95.     Defendants' aforementioned policies, practices, and/or procedures resulted in their failure to pay Plaintiff and the Pay Day Class their earned wages within the applicable time frames outlined in Labor Code section 204.

96.     Defendants' failure to timely pay Plaintiff and the Pay Day Class their earned wages in accordance with Labor Code section 204 was willful. Defendants had the ability to timely pay all wages earned by hourly workers in accordance with Labor Code section 204, but intentionally adopted policies or practices incompatible with the requirements of Labor Code section 204. When Defendants failed to timely pay Plaintiff and the Pay Day Class all earned wages, they knew what they were doing and intended to do what they did.

97.     As a result of Defendants' unlawful conduct, Plaintiff and the Pay Day Class have suffered damages in an amount subject to proof, to the extent that they were not timely paid their earned wages pursuant to Labor Code section 204.

98.     Pursuant to Labor Code section 210, Plaintiff and the Pay Day Class are entitled to recover civil penalties as follows: (1) for any initial violation, one hundred dollars ($100) for each failure to pay each employee; and (2) for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus twenty-five (25%) percent of the amount unlawfully withheld.

/ / /

**FIRST AMENDED COMPLAINT**
**30**

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN**

**VIOLATION OF LABOR CODE SECTION 226**

**(Against All Defendants by Plaintiff and the Wage Statement Class)**

99.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

100.    At all times relevant to this Complaint, Plaintiff and the Wage Statement Class were hourly, non-exempt employees of Defendants, covered by Labor Code section 226.

101.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

102.    As a derivative of Defendants' claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and the Wage Statement Class who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 226.

103.    Defendants provided Plaintiff and the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned.

104.    Defendants' failure to provide Plaintiff and the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide

Plaintiff and the Wage Statement Class with accurate wage statements but intentionally provided wage statements they knew were not accurate. Defendants knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendants knowingly and intentionally providing inaccurate wage statements. These practices included Defendants' failure to include all hours worked and all wages due.

105.    As a result of Defendants' unlawful conduct, Plaintiff and the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, Plaintiff and the Wage Statement Class are required to participate in this lawsuit and create more difficulty and expense for Plaintiff and the Wage Statement Class from having to reconstruct time and pay records than if Defendants had complied with their legal obligations.

106.    Pursuant to Labor Code section 226(e), Plaintiff and the Wage Statement Class are entitled to recover fifty (50) dollars per employee for the initial pay period in which a section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

107.    Pursuant to Labor Code section 226(h), Plaintiff and the Wage Statement Class are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code section 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed Wage Statement Class members with inaccurate wage statements in violation of Labor Code section 226(a) and currently employed Wage Statement Class members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants' compliance with Labor Code section 226(a).

108.    Pursuant to Labor Code sections 226(e) and 226(h), Plaintiff and the Wage

Statement Class are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorneys' fees, and costs of suit.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT**

**IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

**(Against All Defendants by Plaintiff and the Waiting Time Class)**

109.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

110.    At all times relevant to this Complaint, Plaintiff and the Waiting Time Class were employees of Defendants, covered by Labor Code sections 201 and 202.

111.    An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. Labor Code §§201, 202. If an employee gave seventy-two (72) hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation. *Id*.

112.    Defendants failed to pay Plaintiff and on information and belief, the Waiting Time Class, with all wages earned and unpaid prior to separation of employment, in accordance with either Labor Code section 201 or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment.

113.    Defendants' failure to pay Plaintiff and the Waiting Time Class with all wages earned prior to separation of employment timely in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202. Defendants' practices include failing to pay at least minimum wage for all time worked, overtime wages for all overtime hours worked, meal period premium wages, and/or rest period premium wages. When Defendants failed to pay Plaintiff and the Waiting Time Class all earned

wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

114.    Pursuant to either Labor Code section 201 or 202, Plaintiff and the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants have yet to pay them.

115.    Pursuant to Labor Code section 203, Plaintiff and the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days.

116.    As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation.

117.    As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code section 203.

118.    Plaintiff and the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Labor Code section 203, and interest thereon.

<u>**NINTH CAUSE OF ACTION**</u>

**UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, et seq.**

**(Against All Defendants by Plaintiff and the California Class)**

119.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

120.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. This unfair conduct includes Defendants' use of policies, practices, and/or procedures which resulted in: failure to pay employees at least at the minimum wage rate for all hours which they worked; failure to pay overtime wages for all overtime hours worked; failure to authorize or permit all legally required and compliant meal periods or pay meal period premium wages; failure to authorize or permit all legally required and compliant rest periods or pay rest period premium wages; failure to indemnify

1  all necessary expenditures or losses incurred in direct consequence of discharging duties; failure to

2  timely pay wages; failure to provide accurate wage and hour statements; and failure to timely pay

3  all wages due upon separation of employment. Due to their unfair and unlawful business practices

4  in violation of the Labor Code, Defendants have gained a competitive advantage over other

5  comparable companies doing business in the State of California that comply with their obligations

6  to pay minimum wages for all hours worked; pay overtime wages for all overtime hours worked;

7  authorize or permit all legally required and compliant meal periods or pay meal period premium

8  wages; authorize or permit all legally required and compliant rest periods or pay rest period

9  premium wages; indemnify all necessary expenditures or losses incurred in direct consequence of

10 discharging duties; timely pay wages; provide accurate wage and hour statements; and timely pay

11 all wages due upon separation of employment.

12       121.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the

13 California Class have suffered injury in fact and lost money or property, as described in more

14 detail above.

15       122.    Pursuant to Business and Professions Code section 17203, Plaintiff and the

16 California Class are entitled to restitution of all wages and other monies rightfully belonging to

17 them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair

18 business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California

19 Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in

20 each of the unlawful policies, practices, and/or procedures set forth herein.

21                                    **PRAYER FOR RELIEF**

22       **WHEREFORE, PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF**

23 **THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

24       **ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH,**

25 **EIGHTH, AND NINTH CAUSES OF ACTION:**

26       1.      That the Court determine that this action may be maintained as a class action (for

27 the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of

28 Civil Procedure section 382 and any other applicable law;

2.     That the named Plaintiff be designated as a class representative for the California Class (and all sub-classes thereof);

3.     For a declaratory judgment that the policies, practices, and/or procedures complained herein are unlawful; and

4.     For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

**ON THE FIRST CAUSE OF ACTION:**

1.     That Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2.     For damages, according to proof, including but not limited to unpaid wages;

3.     For any and all legally applicable penalties;

4.     For liquidated damages pursuant to Labor Code section 1194.2;

5.     For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

6.     For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194;

7.     For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and,

8.     For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SECOND CAUSE OF ACTION:**

1.     That Defendants be found to have violated the overtime provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Overtime Class;

2.     For damages, according to proof, including but not limited to unpaid wages;

3.     For any and all legally applicable penalties;

4.     For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

1      5.      For attorneys' fees and costs of suit, including but not limited to that recoverable

2  under Labor Code section 1194; and

3      6.      For such other further relief, in law and/or equity, as the Court deems just or

4  appropriate.

5                          **ON THE THIRD CAUSE OF ACTION:**

6      1.      That Defendants be found to have violated the meal period provisions of the Labor

7  Code and the IWC Wage Order as to Plaintiff and the Meal Period Class;

8      2.      For damages, according to proof, including unpaid premium wages;

9      3.      For any and all legally applicable penalties;

10     4.      For pre-judgment interest, including but not limited to that recoverable under Labor

11 Code section 218.6, and post-judgment interest; and

12     5.      For such other further relief, in law and/or equity, as the Court deems just or

13 appropriate.

14                         **ON THE FOURTH CAUSE OF ACTION:**

15     1.      That Defendants be found to have violated the rest period provisions of the Labor

16 Code and the IWC Wage Order as to Plaintiff and the Rest Period Class;

17     2.      For damages, according to proof, including unpaid premium wages;

18     3.      For any and all legally applicable penalties;

19     4.      For pre-judgment interest, including but not limited to that recoverable under Labor

20 Code section 218.6, and post-judgment interest; and

21     5.      For such other further relief, in law and/or equity, as the Court deems just or

22 appropriate.

23                         **ON THE FIFTH CAUSE OF ACTION:**

24     1.      That the Defendants be found to have violated the indemnification provisions of the

25 Labor Code as to the Plaintiff and the Indemnification Class;

26     2.      For damages, according to proof, including unpaid use and/or costs of necessary

27 tools and/or resources;

28     3.      For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under Labor Code section 2802, and post-judgment interest;

5.    For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 2802; and

6.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SIXTH CAUSE OF ACTION:**

1.    That Defendants be found to have violated Labor Code 204 as to Plaintiff and the Pay Day Class;

2.    For damages, according to proof;

3.    For any and all legally applicable penalties, including but not limited to those recoverable pursuant to Labor Code section 210(a);

4.    For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

5.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SEVENTH CAUSE OF ACTION:**

1.    That Defendants be found to have violated the provisions of the Labor Code regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

2.    For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 226, subdivision (e), and any other legally applicable damages or penalties;

3.    For pre-judgment interest and post-judgment interest;

4.    For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in violations of Labor Code section 226(a);

5.    For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 226, subdivision (e); and,

6.    For such other further relief, in law and/or equity, as the Court deems just or

appropriate.

**ON THE EIGHTH CAUSE OF ACTION:**

1.    That Defendants be found to have violated the provisions of the Labor Code regarding payment of all unpaid wages due upon resignation or termination as to Plaintiff and the Waiting Time Class;

2.    For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3.    For pre-judgment interest, including under Labor Code section 218.6, and post-judgment interest; and,

4.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE NINTH CAUSE OF ACTION:**

1.    That Defendants be found to have violated Business and Professions Code sections 17200, *et seq.*, for the conduct alleged herein as to the California Class;

2.    A declaratory judgment that the practices complained herein are unlawful;

3.    An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.    For restitution to the full extent permitted by law; and

5.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Dated: November 18, 2022

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By:         /s/ Joshua Gillins
Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Danielle E. Montero, Esq.
Joshua Gillins, Esq.
Attorneys for Plaintiff
RONALD STRAWSER,
on behalf of himself and others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff RONALD STRAWSER demands a trial by jury for himself and the California Class on all claims so triable.

Dated: November 18, 2022

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By:         /s/ Joshua Gillins
Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Danielle E. Montero, Esq.
Joshua Gillins, Esq.
Attorneys for Plaintiff
RONALD STRAWSER,
on behalf of himself and others similarly situated